Swayze v. Carter.

JAMES L. SWAYZE'S EXECUTOR

*v.*

JACOB V. CARTER.

The complainant in a foreclosure suit had the sheriff's sale thereunder set aside for a mistake in the boundaries, and the premises ordered to be resold. The day before the second sale he had the premises surveyed, and at the sale bought a part thereof and petitioner another part. The sale was duly confirmed and deeds given to the respective purchasers, the description in that of the petitioner clearly including a farm-house.—*Held*, on the petitioner's application for a writ of assistance to obtain possession of the farm-house, which was occupied by a third party, that complainant was estopped from asserting that the farm-house was not embraced in petitioner's deed.

On petition for writ of assistance.

*Mr. H. S. Harris*, for petitioner.

*Messrs. J. G. Shipman & Son, contra.*

BIRD, V. C.

The complainant filed his bill to foreclose. There was a sale of the mortgaged premises, which sale was set aside because of

the alleged uncertainty of the boundaries of certain lots sold. Another sale was ordered. The petitioner purchased under that sale; so did the complainant. . The sheriff executed deeds to them for the parcels which they respectively purchased. The petitioner asks for a writ of assistance to obtain possession of the land he purchased. Boyd is in possession. He was not a party to the proceedings to foreclose, but is in possession under the complainant, and all objection to his not having been made a party was expressly waived. The complainant is the real objector, and he insists that a portion of the land which the petitioner claims is included in his purchase, which was made first. It becomes me, therefore, to examine whether or not, as between these parties, there is such a question as should stay the hand of the court.

It should be observed that one sale had been set aside on motion of the complainant because of some conflict of opinion as to boundaries; this, consequently, the complainant was fully apprised of. It should also be observed that the day before the sale which we are now considering, the complainant took measurements and ascertained, as he supposed and believed, the true location and exact boundaries of the parcels of land in question.

It is likewise important to observe that on the day of sale, and at the time of, and yet before the premises in question were struck off, the counsel of the complainant was applied to and asked if the said premises did not include the farm-house, an unmistakable monument in the description hereafter referred to, to which he replied he had nothing to say. In addition to these observations it is quite significant that the solicitor of the petitioner was present at the sale, insisting that the parcels offered by the sheriff, and which the petitioner now claims, included this farm-house, and that the complainant knew this fact. Indeed, the testimony seems to be very convincing that the complainant fully understood that the petitioner and his solicitor believed they were bidding for land which included the farm-house. The complainant, with all this information, allowed the sheriff to make report of sale, and allowed the ten days given by law for exceptions to the confirmation of such sale to pass without objec-

tion.  He accepted the deed from the sheriff for the lands he
purchased, which he insists includes this farm-house, and allowed
the sheriff to execute a deed to the petitioner for the lands which
he purchased, by the following description, which seems, unmis-
takably, to include the farm-house, viz.:

"Beginning at the northerly corner of said new street and said Wash-
ington avenue (the same being the southeasterly corner of the farm-house
known as the old Boyd farm-house), and runs thence (1) along the north-
erly edge of said Washington avenue south, eighty-eight and a quarter
degrees west, three hundred feet to the corner of land now (or to be) in trust
to Henry W. Johnson; thence (2) along said Johnson's land north, nine
degrees east, one hundred and eighty feet to a corner in edge of an alley-way;
thence (3) along the southerly edge of said alley-way north, eighty-eight and
a quarter degrees east, three hundred feet to a corner in the westerly edge of
said new street; (4) along the westerly edge of said new street, west, one hun-
dred and eighty feet, to the place of beginning, and being lots numbers 16, 15
&c., and part of Prospect avenue on said map of said improvement company,
1873; both of said lots or tracts of land being part of the farm known as the
Carter farm, in said borough of Washington."

Certainly no one can read this description and doubt that the
sheriff intended to convey the land on which the house in ques-
tion stands, for his description surrounds it as clearly as it is
possible.  This being so, what is the duty of the court? . The
complainant having allowed all the subsequent proceedings to
take place without objection, and having allowed the petitioner
to pay the purchase price and to accept his deed, ought the court
to hesitate in extending its aid to the petitioner?  I think not.
He knew that there had been a question as to the true boundaries.
Because of such question, a former sale had been set aside on his
own motion.  The day before the last sale, he surveyed the land
with a copy of the description above given in his hands, or with a
full knowledge of such description; which description was con-
tained in a deed made by his mortgagor when he attempted to
convey the very parcel now claimed by the petitioner, and by the
same description above given.  I think, as to the complainant,
the doctrine of estoppel applies with fullest force.  *Sugden on
Vendors *1022* and cases referred to in notes; *Kerr on Fraud
127*.  The author says: "If a man has been silent when, in con-

science, he ought to have spoken, he is debarred in equity from speaking when conscience requires him to be silent. If a party has an interest to prevent an act being done, and he acquiesces in it, so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no more right to challenge the acts to their prejudice than he would have, had it been done by his previous license. Parties who stand by without asserting their rights, and allow others to incur liabilities which they might not have incurred if those rights had been asserted, cannot set up those rights in a court of equity as against those by whom such liabilities have been incurred." I think the principle applied in *Philhower* v. *Todd, 3 Stock. 312,* controls in this case. It was not mere negligence on the part of the complainant. He was called upon to assert his claim. He knew what his own claim then was, for he says he surveyed or measured the land the day before. He was the complainant in the cause, and as such it was his duty to know what was offered for sale, and the nature and extent of each parcel, and when so called upon it was his duty to be able to define and make plain the boundaries; and especially was this so in this case, since the one sale had been set aside because of the uncertainty of the boundaries. Can any court hear him under such circumstances, and favor his defence under such circumstances? I cannot find an authority for so doing.

I will advise an order directing that the writ of assistance go to the petitioner, with costs.